UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| HOWARD STEELE,<br><br>          Petitioner,<br><br>    v.<br><br>WARDEN,<br><br>          Respondent. | CAUSE NO. 3:19-CV-1019-RLM-MGG |

## OPINION AND ORDER

Howard Steele, a prisoner without a lawyer, filed a habeas corpus petition under 28 U.S.C. § 2254 seeking to challenge his conviction for rape, sexual deviate conduct, and related offenses in Marion County Superior Court under Case No. 49G03-9302-CF-18105. The court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Section 2254 Habeas Corpus Rule 4.

The statute of limitations for habeas corpus cases is set forth in the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. § 2244(d), which provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Mr. Steele's petition reflects that he pleaded guilty to those offenses, and on February 8, 1994, was sentenced as a habitual offender to an total of 80 years' incarceration. The Indiana Supreme Court affirmed Mr. Steele's conviction on direct appeal on November 4, 1996. Steele v. State, 672 N.E.2d 1348, 1353 (Ind. 1996). There is no indication that he sought certiorari in the U.S. Supreme Court, and his conviction became final 90 days later when the time expired to do so. *See* Gonzalez v. Thaler, 565 U.S. 134, 150 (2012) (holding that, for petitioners who do not seek a writ of certiorari, the judgment becomes final when the time for filing expires); *see also* SUP. CT. R. 13 ("[A] petition for a writ of certiorari . . . is timely when it is filed . . . within 90 days after entry of the judgment."). He had one year from that date, or until about February 1998, to file a federal habeas petition.

A state post-conviction proceeding would toll the federal limitations period, and Mr. Steele says he pursued state post-conviction relief, though he doesn't remember the date of filing. He further states that the trial court issued an order

denying his post-conviction petition on March 24, 2003, and that he didn't pursue an appeal of the trial court's order. (ECF 2 at 2.) If the entire period from February 1998 to March 2003 was tolled under section 2244(d)(2), the federal clock began running again as soon as post-conviction relief was denied by the trial court. Mr. Steele had one year from that date, or until March 2004, to seek federal habeas relief. He didn't do so and instead waited well over a decade, until November 2019, to file this petition. The petition is thus untimely.

When asked to explain why his petition should be deemed timely, Mr. Steele states as follows: "This is a Due Process Violation and 8th Amendment. Th[ere] is no evidence to support habitual offender enhancement. There is no proof of a 1980 conviction. The Constitution guarantees the accused [the] right of proof of guilt beyond a reasonable doubt. U.S. Const. Amend 14." ECF 2 at 7. He then elaborates on his claim that the lack of a judicial signature on an abstract of judgment from a 1980 conviction prevented the court from using this conviction to enhance his sentence. These assertions do not address the question of timeliness. Nor is there any indication that Mr. Steele's claim is based on newly discovered facts or a new Supreme Court case. He doesn't identify any external impediment that prevented him from filing his federal petition on time, nor does he argue actual innocence, which would be inconsistent with his guilty plea. For these reasons, the petition is untimely and must be dismissed.

Mr. Steele also moves for appointment of counsel (ECF 6). A state prisoner pursuing federal habeas relief is entitled to counsel when he is under a death sentence, which Mr. Steele is not. *See* 18 U.S.C. § 3599(a)(2); McFarland v. Scott,

512 U.S. 849, 855 (1994). Counsel must also be appointed in a habeas case when an evidentiary hearing is necessary to resolve the petition. Rule 8(c) of the Rules Governing Section 2254 Cases. The court has scheduled no such hearing in this case, nor is one necessary to resolve the petition. Therefore, whether to appoint counsel is purely a discretionary matter. *See* 18 U.S.C. § 3006A(a)(2)(B) ( "Whenever . . . the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under section 2241, 2254, or 2255 of title 28."); *see also* Winsett v. Washington, 130 F.3d 269, 281 (7th Cir. 1997); Pruitt v. Mote, 503 F.3d 647, 654 (7th Cir. 2007). A court abuses its discretion in declining to appoint counsel only "if, given the difficulty of the case and the litigant's ability, [the petitioner] could not obtain justice without an attorney, he could not obtain a lawyer on his own, and he would have had a reasonable chance of winning with a lawyer at his side." Winsett v. Washington, 130 F.3d at 281 (citation omitted). Mr. Steele appears literate, and the docket reflects that he was fully capable of completing the documents needed to seek federal habeas relief in this court. He doesn't identify any specific problem that he faces in litigating this case, other than a general lack of knowledge of the law. His petition is clearly barred yby the passage of time, and there's no indication that he would have a reasonable chance of success if the court were to appoint counsel to represent him. Therefore, his motion for counsel is denied.

Under Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of

appealability when a petition is dismissed on procedural grounds, the petitioner must show that reasonable judges would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. Slack v. McDaniel, 529 U.S. 473, 484 (2000). The court finds no basis for such a finding, and so finds no basis for encouraging Mr. Steele to proceed further, and a certificate of appealability is therefore denied.

For these reasons, the court:

(1) DENIES the motion for appointment of counsel (ECF 7);

(2) DISMISSES the habeas petition (ECF 2) as untimely;

(3) DENIES the petitioner a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

(4) DIRECTS the clerk to close this case.

SO ORDERED.

Dated June 16, 2020

s/ Robert L. Miller, Jr.<br>Judge, United States District Court